**25-2096-cv**
*Taylor v. Rutella*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th Day of June, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSEPH F. BIANCO,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

KYRIN TAYLOR,

*Plaintiff-Appellee*,

v.                                                          25-2096-cv

AUSTIN RUTELLA,

*Defendant-Appellant*,

COOPER POWER AND LIGHTING CORP.,
MITCH COOPER, DAREN SOBEL,

*Defendants.*

---

For Plaintiff-Appellee:          Frederick K. Brewington, Law Offices of Frederick K. Brewington, Hempstead, NY.

STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz,

1

NY.

For Defendant-Appellant:                    DEBRA LYNNE WABNIK, Stagg Wabnik Law Group
                                            LLP, Garden City, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gonzalez, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED IN PART** for lack of jurisdiction and that the case is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Austin Rutella appeals from the July 30, 2025 judgment of the United States District Court for the Eastern District of New York (Gonzalez, *J.*), awarding Plaintiff-Appellee Kyrin Taylor attorney's fees and costs. On appeal, Defendant-Appellant argues that the district court abused its discretion (1) in granting a default judgment to Plaintiff-Appellee on his 42 U.S.C. § 1981, 42 U.S.C. § 1985, and New York State Human Rights Law ("NYSHRL") claims, (2) in awarding Plaintiff-Appellee $200,000 in emotional distress damages and $500,000 in punitive damages, and (3) in awarding Plaintiff-Appellee $156,752 in attorney's fees and costs. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I. Appellate Jurisdiction**

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure ("FRAP") generally requires the notice of appeal to be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This rule is jurisdictional. *See Malek v. Feigenbaum*, 116 F.4th 118, 123 (2d Cir. 2024); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). Accordingly, "[w]hen an appeal

2

is taken beyond the time set out in the Rule, an appellate court is without jurisdiction to entertain and decide it." *In re Am. Safety Indem. Co.*, 502 F.3d 70, 72 (2d Cir. 2007) (citation modified).

"Pursuant to 28 U.S.C. § 1291, we review only final decisions of the district court that leave nothing for the court to do but execute the judgment." *O & G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 167 (2d Cir. 2008) (citation modified). "[A] decision on the merits is a final decision for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03 (1988); *see also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 179 (2014) ("Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal." (internal quotation marks omitted)).

Here, the final default judgment was entered on October 23, 2024.[1] That judgment was final and appealable when entered, notwithstanding the unresolved question of attorney's fees. The 30-day period to file a notice of appeal therefore expired in November 2024. Defendant-Appellant did not file his notice of appeal until August 28, 2025—well beyond the 30-day limit prescribed by FRAP Rule 4(a)(1)(A).

Defendant-Appellant argues that the tolling provision available under FRAP Rule 4(a)(4)(A)(vi) applies here. We disagree. For tolling to be available, a Rule 60 motion must be "filed within the time allowed for filing a motion under Rule 59," which is 28 days. Fed. R. App. P. 4(a)(4)(A)(vi). Defendant-Appellant's motion to vacate filed on December 18, 2024 and the

---

[1] Because the judgment issued on June 7, 2024 was entered "only with respect to liability and not to damages, this was not a *final* default judgment." *Henry v. Oluwole*, 108 F.4th 45, 49 (2d Cir. 2024).

pending motion to vacate filed on September 8, 2025 both fail to meet that requirement.[2] Defendant-Appellant further contends that the 28-day time limit should be disregarded on equitable grounds. However, FRAP Rule 4(a)(4)(A)(vi) is not subject to equitable exceptions. *See Malek*, 116 F.4th at 126 ("Appellate Rule 4(a)(4)(A)(iv) is a mandatory claim-processing rule subject to waiver and forfeiture, but not subject to equitable tolling or harmless error analysis.").

Because Defendant-Appellant did not file a timely notice of appeal as to the October 23, 2024 default judgment, we are without jurisdiction to consider his challenges to the underlying default judgment, and we dismiss the appeal to that extent. Defendant-Appellant's notice of appeal was filed within 30 days of the district court's July 30, 2025 attorney's fees judgment, and it was therefore timely as to that judgment alone.

**II. Remand**

As to Defendant-Appellant's timely appeal of the July 30, 2025 attorney's fees judgment, we conclude that a remand pursuant to our practice under *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994) is appropriate in the instant case. The district court has before it a pending motion to vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Should the district court grant that motion, the attorney's fees award may not be available. *See* 42 U.S.C. § 1988(b); *see also Lackey v. Stinnie*, 604 U.S. 192, 207 (2025) ("Section 1988(b) permits courts to award attorney's fees to a prevailing party." (internal quotation marks omitted)). Both Defendant-Appellant and Plaintiff-Appellee agree that, in this context, remand is appropriate. Accordingly, we remand to the district court to decide Defendant-Appellant's pending motion to vacate. We express no opinion as to the merits of that motion.

---

[2] Additionally, as to the December 2024 motion to vacate, Defendant-Appellant failed to file the notice of appeal within 30 days of the district court's order denying his motion to vacate, entered on July 2, 2025, and the subsequent order denying of reconsideration of the motion to vacate, entered on July 17, 2025.

Jurisdiction over this appeal will be automatically restored to this Court upon notification of the Clerk of Court by either party within fourteen days of the district court's decision. No new notice of appeal or fee will be required.

*     *     *

Accordingly, the appeal is **DISMISSED IN PART** for lack of jurisdiction and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5